# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JABARI KOFI PENN,**

    Plaintiff,

v.                                       **CIVIL NO. 2:18-CV-104**
                                                **(BAILEY)**

**K. CONWAY,** Correctional Officer,
**CHAD FOWLER,** Registered Nurse (RN),
**CHRISTOPHER MEYER,** Physician's
Assistant (PA-C),

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Pending before this Court is defendants' Motion to Dismiss or For Summary Judgment [Doc. 49], filed January 9, 2020. On January 29, 2020, plaintiff filed a response, styled as a memorandum in support of his motion for summary judgment [Doc. 55]. To date, no reply has been filed; accordingly, the Motion is now ripe for decision. For the reasons that follow, the Motion will be **GRANTED**.

## BACKGROUND

The plaintiff is a federal prisoner who, at the time of the events in question, was incarcerated at FCC Hazelton in Bruceton Mills, West Virginia. On October 10, 2018, plaintiff filed his Complaint, bringing an action under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). In the Complaint, plaintiff brings three claims arising out of an incident involving defendant Conway. First, plaintiff

1

alleges that defendant Conway filed a false incident report which falsely reported that plaintiff pushed defendant Conway. [Doc. 1 at 7]. Second, plaintiff alleges that defendant Fowler failed to order plaintiff to be taken to the prison's infirmary or hospital after he sustained stab wounds from a homemade knife. [Id. at 8-9]. Although the complaint words this in terms of negligence and malpractice, the attached administrative filings show that Penn is claiming deliberate indifference. [Doc. 1-1 at 7]. Finally, plaintiff alleges that defendant Meyer was deliberately indifferent to plaintiff's medical needs by refusing him medical treatment while he was housed in the Special Housing Unit following his injuries. [Doc. 1 at 8].

On April 23, 2019, United States Magistrate Judge James P. Mazzone found that summary dismissal was not appropriate and ordered the defendants to be served. [Doc. 16]. On September 18, 2019, United States Magistrate Judge James P. Mazzone entered an Order requiring plaintiff to show cause why defendant Fowler should not be dismissed for failure to serve. [Doc. 43]. Plaintiff filed a response to that Order on October 2, 2019. [Doc. 45]. On November 13, 2019, the Magistrate Judge filed an Order notifying plaintiff that defendant Fowler would be dismissed without prejudice and requiring defendants to respond to the Complaint. [Doc. 47].

On January 9, 2020, defendants filed the instant motion. In their memorandum in support, defendants raise several arguments in favor of dismissing the Complaint. In particular, defendants point out that plaintiff filed this *Bivens* action without administratively exhausting his remedies. Defendants cite a declaration from Howard Williams, a Legal Assistant at the Bureau of Prisons ("BOP"), and BOP records indicating that Penn's administrative appeal was rejected with instructions to resubmit. [Doc. 50-1 at 1-4].

2

Plaintiff did not resubmit his appeal, and defendants contend he has therefore failed to exhaust administrative remedies. [Doc. 50-1 at 4, Doc. 50 at 16].

In his response, plaintiff asserts that he has, in fact, exhausted his administrative remedies because "[m]y last remedy was never answered then I was released on May 16, 2019." [Doc. 55 at 2]. Penn attaches as evidence the Discipline Hearing Officer Report, Incident Report, his Request for Administrative Remedy, and two appeal forms. [Docs. 55-1, 55-2]. Importantly, these administrative forms are all from steps in the administrative process *prior* to the February 23, 2018, rejection of his appeal.

## **LEGAL STANDARD**

### I. **Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting

3

that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396-97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## II. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the

4

Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## ANALYSIS

Before filing a *Bivens* suit, a prisoner must exhaust all administrative remedies. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Here, Penn has not exhausted the administrative remedies available through the BOP. Penn's administrative appeal was rejected on February 23, 2018; the reasons provided were "you did not submit proper number of continuation pages with your request/appeal" and "you may resubmit your appeal in the proper form within 15 days of the date of this rejection notice." [Doc. 50-1 at 4, 19, 21-22]. Penn did not resubmit his

appeal. [Id. at 4]. Although he asserts "[m]y last remedy was never answered ... the court shall see all administrative F1, R1, and A1 Remedys (sic) completed," the evidence he cites relate only to BOP administrative steps prior to the appeal rejection. [Doc. 55 at 2]. Indeed, defendants' claims are supported by the rejection notice plaintiff attached to his initial Complaint [Doc. 1-1 at 8]. There is no genuine dispute of material fact as to Penn's failure to complete the administrative process available.

Further, even if this Court were to find that Penn had exhausted his administrative remedies, dismissal of this case would be appropriate. First, as to Penn's first claim, defendants correctly note that this Court has already recognized that a federal prisoner does not have a constitutional right to be free from false disciplinary reports. *Evans v. Officer Cunningham*, [Civ. A. No. 2:15-cv-60 Doc. 59 at 13], 2016 WL 3951157 (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986)). Second, as to plaintiff's claim against defendant Fowler, he has yet to be served and the Magistrate Judge already deemed it appropriate for him to be dismissed from this case. Finally, as to plaintiff's claim against defendant Meyer, defendants correctly note that as a United States Public Health Service employee, Meyer is immune from personal liability under a *Bivens* action. [Doc. 50 at 16], citing *Hui v. Cataneda*, 559 U.S. 799, 805-06. Accordingly, the defendants are entitled to judgment as a matter of law and their motion will be **GRANTED**.

## CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss or For Summary Judgment **[Doc. 49]** is hereby **GRANTED**. Accordingly, it is **ORDERED** that the plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the

6

Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* plaintiff.

**DATED**: March 23, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE